UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLIVIA MORA,<br><br>               Plaintiff,<br>    v.<br><br>BURN AND PLASTIC HAND CLINIC, et al.,<br><br>               Defendants. | CASE NO. C23-1008JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is Plaintiff Olivia Mora's complaint against Burn and Plastic Hand Clinic and Katherine Cannon (collectively, "Defendants"). (Compl. (Dkt. # 5).) Ms. Mora is proceeding *pro se* and *in forma pauperis* ("IFP"). (*See generally id.*; IFP Order (Dkt. # 4).) Under 28 U.S.C. § 1915(e)(2), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see*

ORDER - 1

*also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners).  The court has considered Ms. Mora's complaint and determined that the allegations therein fail to state a claim upon which relief can be granted under federal law.  Accordingly, the court DISMISSES Ms. Mora's federal law claims without prejudice and with leave to amend.  The court declines to exercise supplemental jurisdiction over Ms. Mora's remaining state law claims and DISMISSES those claims without prejudice.  28 U.S.C. § 1367(c)(3).

## II.   BACKGROUND

On July 9, 2020, Ms. Mora visited Defendant Burn and Plastic Hand Clinic at Harborview Medical Center seeking treatment for injuries she sustained to her thumb in a car accident.  (Compl. at 4.)  Ms. Mora alleges that a clinic nurse, Defendant Katherine Cannon, made "discriminatory" and "derogatory" comments about Ms. Mora's "disability and trigger finger condition."  (*Id.*)  Ms. Cannon allegedly stated that Ms. Mora's "trigger finger resulted from not getting the required shots and not due to her car accident."  (*Id.* at 5.)  Additionally, Ms. Cannon "repeatedly probed [Ms. Mora] about her disability, causing her to feel uncomfortable and humiliated."  (*Id.*)  When Ms. Mora raised concerns about Ms. Cannon's allegedly discriminatory conduct, Ms. Mora "faced further mistreatment and insensitivity during [her] visit."  (*Id.* at 7.)  Ms. Mora further alleges that the clinic failed to provide reasonable accommodations during the pre-surgery paperwork process.  (*Id.*)  Specifically, she alleges that "[d]ue to [her] cognitive disability, she could not request accommodations for a proctor to assist [her] in filling out the pre-surgery paperwork."  (*Id.*)  Ms. Mora "felt vulnerable and unable to

think straight," and the lack of accommodation "caused significant stress and anxiety, exacerbating [her] pain and discomfort." (*Id.*)

On July 7, 2023, Ms. Mora filed a proposed complaint and motion for leave to proceed IFP. (IFP Mot. (Dkt. # 1); Prop. Compl. (Dkt. # 1-1).) Magistrate Judge Brian A. Tsuchida granted the IFP motion. (7/10/23 Order (Dkt. # 4).) In her complaint,[1] Ms. Mora raises the following claims: (1) disability discrimination under Title III of the Americans with Disabilities Act of 1990 ("ADA"), the Washington Law Against Discrimination ("WLAD"), and the Rehabilitation Act of 1973 ("Rehab Act"); (2) retaliation under the ADA; and (3) state law claims for negligence and intentional infliction of emotional distress.[2] (Compl. at 4-5, 8-9.) Ms. Mora seeks compensatory and punitive damages and injunctive relief. (*Id.* at 19.)

On October 16, 2023, the court issued an order to show cause why this case should not be dismissed for failure to timely serve Defendants with a summons and copy of the complaint in accordance with Federal Rule of Civil Procedure 4(m). (OSC at 1-2.) Ms. Mora responded by letter, representing that she has not yet accomplished service because

---

[1] Ms. Mora characterizes her complaint as an appeal and herself as an appellant. (*See, e.g.*, Compl. at 6-7 ("In this appeal, Olivia Mora contends that the trial court erred in dismissing their claims . . . .") The court, however, recognizes that this matter is not an appeal but an original action brought in the Western District of Washington.

[2] To the extent Ms. Mora raises a failure to accommodate claim under the ADA (*see* Compl. at 4 (raising issue whether Defendants violated the ADA by "fail[ing] to provide reasonable accommodations"), that claim is subsumed within Ms. Mora's discrimination claim under Title III of the ADA. *See* 42 U.S.C. § 12182(2)(A)(ii) (Title III, defining "discrimination" to include the failure "to make reasonable modifications" that "are necessary to afford such goods, services, facilities, privileges, advantage, or accommodations to individuals with disabilities"). Accordingly, the court will analyze Defendants' alleged failure to accommodate within the context of Ms. Mora's Title III discrimination claim.

1  she intends to do so through the King County Sheriff's Civil Process Unit, which is

2  experiencing delays in service. (*See* 10/23/23 Letter (Dkt. # 11) at 1; *see also* 8/31/23

3  Letter (Dkt. # 9) at 1.) Ms. Mora did not request an extension of the service deadline.

4  (*See generally* 10/23/23 Letter.)

5      Upon further review, the court declines to extend the service deadline in this case

6  in light of several deficiencies in the complaint, as discussed below. Rather, the court

7  exercises its authority to analyze the complaint *sua sponte* pursuant to 28 U.S.C.

8  § 1915(e)(2).

9                         **III.   ANALYSIS**

10      The court begins by setting forth the legal standards governing dismissal before

11  turning to its analysis of Ms. Mora's complaint, addressing her federal and state law

12  claims in turn.

13  **A.   Legal Standard**

14      Because Ms. Slaughter is a *pro se* Plaintiff, the court must construe her pleadings

15  liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). 28 U.S.C.

16  § 1915(e)(2)(B)(ii) authorizes a district court to dismiss a claim filed IFP "at any time" if

17  it determines the action "fails to state a claim upon which relief may be granted."

18  Dismissal for failure to state a claim is proper when there is either a "lack of a cognizable

19  legal theory or [an] absence of sufficient facts alleged." *Balistreri v. Pacifica Police*

20  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The complaint must contain factual allegations

21  "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*,

22  550 U.S. 544, 555 (2007). Although the pleading standard announced by Federal Rule of

Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a).

**B.   Federal Claims Under the ADA and the Rehab Act**

The court first examines Ms. Mora's discrimination claims before turning to her retaliation claim.

    1.   Discrimination

Title III of the ADA prohibits disability-based discrimination in places of public accommodation. 42 U.S.C. § 12182(a) ("No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ."); *see also id.* § 12181(7)(F) (defining "public accommodations" to include the "professional office of a health care provider, hospital, or other service establishment"). Section 504 of the Rehab Act forbids organizations that receive federal funding from discriminating against people with disabilities. 29 U.S.C. § 794 ("No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, . . . be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."); *Bird v. Lewis & Clark Coll.*, 303 F.3d 1015, 1020 (9th Cir. 2002). Both the ADA and the Rehab Act define "disability" as "a physical or mental impairment" that "substantially limits one or more major life activities" of the individual.

42 U.S.C. § 12102(1)(A) (ADA); 29 U.S.C. § 705(9)(B) (Rehab Act). Because "there is no significant difference in the analysis of rights and obligations created by the ADA and the [Rehab] Act . . . courts have applied the same analysis to claims brought under both statutes, . . . and courts routinely look to [Rehab] Act case law to interpret the rights and obligations created by the ADA." *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

An individual alleging discrimination under Title III of the ADA must show that: (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004); *see also* 42 U.S.C. § 12182(b)(2)(A)(ii) (defining "discrimination" in public accommodation to include, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.").[3]

//

---

[3] Title III outlines four other forms of disability-based discrimination in public accommodation—such as the "failure to remove architectural barriers"—but none apply here. *See* 42 U.S.C. § 12182(b)(2)(A)(i), (iii)-(v).

Here, Ms. Mora alleges that Ms. Cannon made "discriminatory" and "derogatory" comments about her "disability and trigger finger condition." (Compl. at 4.) Ms. Cannon allegedly stated that Ms. Mora's "trigger finger resulted from not getting the required shots and not due to her car accident." (*Id.* at 5.) Additionally, Ms. Cannon "repeatedly probed [Ms. Mora] about her disability, causing her to feel uncomfortable and humiliated." (*Id.*) But these allegations are insufficient to state a plausible discrimination claim under Title III because they fail to identify any "failure to make reasonable modifications in policies, practices, or procedures" in order to accommodate Ms. Mora's disability. *Fortyune*, 364 F.3d at 1082.

Ms. Mora also alleges that Defendants failed to reasonably accommodate her trigger finger condition during the pre-surgery paperwork process. (Compl. at 7.) As pleaded, however, the complaint indicates that Ms. Mora never actually requested an accommodation: "Due to [Ms. Mora]'s cognitive disability, she could not request accommodations for a proctor to assist [her] in filling out the pre-surgery paperwork." (*Id.*) Title III requires Ms. Mora to show that Defendants "fail[ed] to make a *requested* reasonable modification" that was "necessary to accommodate [Ms. Mora's] disability." *Fortyune*, 364 F.3d at 1082 (emphasis added). Because Ms. Mora has not pled facts demonstrating that she requested an accommodation, her discrimination claim under Title III and the Rehab Act fails. *See Zukle*, 166 F.3d at 1045 n.11 (noting it is acceptable to apply the same analysis to claims brought under both the ADA and the Rehab Act because "there is no significant difference in the analysis of rights and obligations created by" the two Acts). If Ms. Mora wishes to continue pursuing her federal discrimination

ORDER - 7

claims, she must file an amended complaint setting forth facts demonstrating that Defendants employed a discriminatory policy or practice and failed to make a requested reasonable modification necessary to accommodate Ms. Mora's disability. *Fortyune*, 364 F.3d at 1082.

    2. Retaliation

The ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed an act or practice made unlawful by this chapter . . . ." 42 U.S.C. § 12203(a). To establish a prima facie case of retaliation, a plaintiff must show that: (1) she was engaged in a protected activity; (2) that she suffered an adverse action, and (3) that there was a causal link between the two. *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015).

Here, Ms. Mora alleges that she raised concerns about Ms. Cannon's allegedly discriminatory conduct and subsequently "faced further mistreatment and insensitivity during [her] visit" as a result. (Compl. at 7.) These allegations are insufficient to state a plausible retaliation claim. While Ms. Mora is not required to provide "detailed factual allegations," she must offer more than "an unadorned, the-defendant-unlawfully harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also* Fed. R. Civ. P. 8(a). Ms. Mora offers only bare and conclusory allegations of retaliation and provides no information about the type or extent of adverse action Defendants allegedly took against her, or whether there is a causal link between any such action and Ms. Mora's protected activity. *Brenneise*, 806 F.3d at 473. Should Ms. Mora wish to continue pursuing her retaliation claim, she must file an amended complaint that sets

forth specific factual content permitting the court to draw a reasonable inference that Defendants are liable for the retaliation alleged, including the protected activity she engaged in, the name of the person (or persons) who retaliated against her, and the actions taken against her in retaliation. *See Iqbal*, 556 U.S. at 678.

C.  **State Law Claims**

In addition to her federal law claims under the ADA and the Rehab Act, Ms. Mora raises state law claims under WLAD and for negligence and intentional infliction of emotional distress. Because Ms. Mora and at least one Defendant in this action are domiciled in Washington and therefore lack diversity of citizenship (*see* Compl. at 1 (indicating that Ms. Mora and Burn and Plastic Hand Clinic are both domiciled in Washington)), 28 U.S.C. § 1367 provides the only possible basis for subject matter jurisdiction over Ms. Mora's state law claims. Under 28 U.S.C. § 1367(a), "a district court shall have supplemental jurisdiction over all" state law claims that are "so related" to the plaintiff's federal law claims "that they form part of the same case or controversy."

As discussed above, however, the court has dismissed Ms. Mora's federal law claims for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2). "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)(3) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.")). The decision whether to decline supplemental jurisdiction is informed by values "of economy, convenience,

*Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam)). Although Ms. Mora has failed to plausibly plead her federal claims, the court cannot conclude that "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* at 1212. In particular, Ms. Mora could plead additional facts sufficient to state a claim for discrimination and retaliation under federal law. Thus, the court GRANTS Ms. Mora leave to file an amended complaint that cures the deficiencies identified above with respect to her federal discrimination and retaliation claims. Ms. Mora is advised that her amended complaint may renew her state law claims, but the court will not exercise supplemental jurisdiction over those claims unless Ms. Mora successfully cures at least one of her federal claims. *See* 28 U.S.C. § 1367(c)(3). Ms. Mora shall file her amended complaint, if any, no later than **November 17, 2023**. If Ms. Mora fails to timely comply with this order or fails to file an amended complaint that remedies the deficiencies discussed in this order, the court will dismiss her complaint without leave to amend and close this case.

### IV. CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

(1) Ms. Mora's complaint (Dkt. # 5) is DISMISSED without prejudice and with leave to amend. She must file an amended complaint, if any, by no later than November 17, 2023;

(2) The Clerk is directed to send a copy of this order to Ms. Mora.

//
//

1  Dated this 30th day of October, 2023.

  *[signature]*

  JAMES L. ROBART
  United States District Judge

ORDER - 12