UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLIVIA MORA,<br><br>                     Plaintiff,<br><br>       v.<br><br>BURN AND PLASTIC HAND<br>CLINIC, et al.,<br><br>                     Defendants. | CASE NO. C23-1008JLR<br><br>ORDER |

Before the court is *pro se* Plaintiff Olivia Mora's amended complaint against Burn and Plastic Hand Clinic and Katherine Cannon (collectively, "Defendants"). (Am. Compl. (Dkt. # 13).) On October 30, 2023, the court dismissed Ms. Mora's original complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B). (10/30/23 Order (Dkt. # 12).) In that order, the court concluded that Ms. Mora failed to state a plausible discrimination claim under Title III of the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973 ("Rehab Act") because (1) Ms. Mora's

ORDER - 1

allegations that Ms. Cannon made "discriminatory" and "derogatory" comments about Ms. Mora's "disability and trigger finger condition" failed to demonstrate any failure by Defendants "to make reasonable modifications in policies, practices, or procedures" in order to accommodate Ms. Mora's disability, and (2) Ms. Mora failed to allege that she requested an accommodation when filling out pre-surgery paperwork.  (10/30/23 Order at 7-8 (quoting Compl. (Dkt. # 5) at 5, 7).)  The court further concluded that Ms. Mora failed to state a plausible retaliation claim under the ADA because the original complaint offered only bare allegations of harm, providing "no information about the type or extent of adverse action Defendants allegedly took against her, or whether there is a causal link between any such action and Ms. Mora's protected activity."  (*Id.* at 8.)  Having dismissed Ms. Mora's federal claims, the court declined to exercise supplemental jurisdiction over Ms. Mora's state law claims.  (*Id.* at 10.)

The court granted Ms. Mora leave to file an amended complaint that cured the deficiencies identified in the court's October 30, 2023 order with respect to her federal discrimination and retaliation claims.  (*Id.* at 11.)  The court directed that Ms. Mora's amended complaint, if any, must set forth facts (1) "demonstrating that Defendants employed a discriminatory policy or practice and failed to make a requested reasonable modification necessary to accommodate Ms. Mora's disability" (*id.* at 8 (citing *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004))), and (2) "permitting the court to draw a reasonable inference that Defendants are liable for the retaliation alleged, including the protected activity [Ms. Mora] engaged in, the name of the person (or persons) who retaliated against her, and the actions taken against her in retaliation" (*id.* at

9 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))).  The court further instructed that Ms. Mora could renew her state law claims, but "the court [would] not exercise supplemental jurisdiction over those claims unless Ms. Mora successfully cure[d] at least one of her federal claims." (*Id.* at 11 (citing 28 U.S.C. § 1367(c)(3)).)  The court warned Ms. Mora that if she failed to file an amended complaint that remedied the deficiencies identified in its order, it would dismiss this matter without leave to amend. (*Id.*)

Ms. Mora timely filed an amended complaint in which she attempted to cure the deficiencies described above. (*See generally* Am. Compl.)  Under 28 U.S.C. § 1915(e)(2), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners).  Because Ms. Mora is a *pro se* plaintiff, the court must construe her pleadings liberally.  *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Nonetheless, her complaint must still contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a) (requiring a pleading to "contain . . . a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief").

The court concludes that Ms. Mora still has not plausibly alleged facts sufficient to state a claim under the ADA or the Rehab Act.  Beginning with her discrimination claim, Ms. Mora's amended complaint alleges that "[d]ue to [her] cognitive disability, she could

1  not request accommodations" and, further, that Ms. Mora "was not allowed to request a
2  proctor to assist her." (Am. Compl. ¶ 8.)  Notably, Ms. Mora still does not allege that she
3  ever requested an accommodation.  *See Fortyune*, 364 F.3d at 1082 (stating that Title III
4  of the ADA requires a plaintiff to show, among other things, that "the defendant
5  employed a discriminatory policy or practice" and discriminated against the plaintiff by
6  "failing to make a *requested* reasonable modification that was . . . necessary to
7  accommodate the plaintiff's disability" (emphasis added)).  Moreover, the new allegation
8  that Ms. Mora "was not allowed" to request an accommodation falls short of plausibly
9  demonstrating that Defendants engaged in a discriminatory policy, practice, or procedure
10 because Ms. Mora does not explain who or what prevented her from requesting an
11 accommodation.  *See id.*  (*See generally* Am. Compl.)

12      Ms. Mora also attempts to cure her discrimination claim by alleging that she
13 contacted nonparty "Darius Parker, Patient Relations at Harborview Medical Center,
14 inquiring about accommodations under the ADA.  However, [Mr. Parker] did not respond
15 to the inquiry, raising concerns about the facility's compliance with ADA requirements."
16 (Am. Compl. ¶ 15.)  According to Ms. Mora, Harborview's "failure to respond to
17 accommodation inquiries adds an additional layer to [her] claims, demonstrating a pattern
18 of discrimination."  (*Id.* ¶ 20.)  But Ms. Mora fails to explain the content of her inquiry to
19 Mr. Parker, i.e., whether she asked about accommodations at Harborview generally or
20 whether she specifically asked for accommodations with respect to her particular
21 disability.  (*See generally id.*)  Again, Ms. Mora fails to plausibly show that she ever
22 requested an accommodation.  *See Fortyune*, 364 F.3d at 1082.  And this single instance

in which a Harborview employee failed to respond to a communication from Ms. Mora does not plausibly demonstrate that Harborview "employed a discriminatory policy or practice" for which it failed "to make a requested reasonable modification." *Id.* The court therefore concludes that the amended complaint fails to cure the deficiencies identified in the court's October 30, 2023 order with respect to Ms. Mora's discrimination claims under the ADA and the Rehab Act. *See Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (noting that courts may analyze discrimination claims under the ADA and the Rehab Act together, as there is no significant difference between the analysis of rights and obligations created by each Act).

Ms. Mora similarly fails to cure her retaliation claim under the ADA. Although the court specifically instructed that Ms. Mora's amended complaint must provide information "including the protected activity [Ms. Mora] engaged in, the name of the person (or persons) who retaliated against her, and the actions taken against her in retaliation" (10/30/23 Order at 9), the amended complaint states only that Ms. Mora "filed a formal complaint on July 9, 2020, detailing the discriminatory behavior experienced during her visit. However, [Ms. Mora] never received a positive response from the department." (Am. Compl. ¶ 5; *see also id.* ¶ 29 ("Plaintiff actively engaged in a protected activity by raising concerns about the discriminatory conduct of Defendant Cannon . . . .") Ms. Mora asserts in conclusory fashion that "[a]s a direct consequence of [her] exercise of her rights and engagement in the protected activity, she faced further mistreatment and insensitivity during her subsequent visit to Burn and Plastic Hand Clinic. This mistreatment constitutes adverse action." (*Id.* ¶ 30.) Ms. Mora still fails

(1) to explain where she filed a "formal complaint," (2) to provide *any* factual detail describing the nature or extent of the "mistreatment and insensitivity" she allegedly experienced, and (3) to name the person (or persons) who allegedly took adverse action against her. *See T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015) (listing the elements of a prima facie case of retaliation under the ADA). Ms. Mora's bare and conclusory allegations of harm fail to plausibly show that she engaged in a protected activity, suffered adverse action, or that there is a causal link between any such activity and adverse action. *See id.* The court concludes that the amended complaint fails to cure the deficiencies identified in the court's October 30, 2023 order with respect to Ms. Mora's retaliation claim under the ADA.[1]

When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, Ms. Mora has already had an opportunity to remedy the deficiencies identified in the court's October 30, 2023 order with respect to her federal claims, but she has failed to do so. (*See* Am. Compl.; 10/30/23 Order at 10-11.) Therefore, the court concludes that further amendment would be futile and DISMISSES Ms. Mora's amended complaint with prejudice and without further leave to amend. (*See* 10/30/23 Order at 11 (citing 28

---

[1] The amended complaint also explains that Ms. Mora has faced challenges effectuating service, which has "hindered the progression of this case," and she asks the court to "consider[] these challenges." (Am. Compl. ¶ 18.) But Ms. Mora's difficulty in successfully accomplishing service has no bearing on the substantive content or factual sufficiency of her complaint. Ms. Mora cannot cure her otherwise deficient complaint by serving it upon the defendants.

U.S.C. § 1367(c)(3)) (advising that the court would not exercise supplemental jurisdiction over Ms. Mora's state law claims unless she successfully cured at least one of her federal claims).)

Dated this 5th day of December, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 7