UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLIVIA MORA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BURN AND PLASTIC HAND<br>CLINIC, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C23-1008JLR<br><br>ORDER |

*Pro se* Plaintiff Olivia Mora brought this action against Defendants Burn and Plastic Hand Clinic, Katherine Cannon, and Harborview Medical Center (collectively, "Defendants"), raising disability discrimination and retaliation claims under Title III of the Americans with Disabilities Act of 1990, the Washington Law Against Discrimination, and the Rehabilitation Act of 1973, as well as state law claims for negligence and intentional infliction of emotional distress. (Am. Compl. (Dkt. # 5) at 1, 4-18.) On December 5, 2023, the court dismissed Ms. Mora's complaint with prejudice

ORDER - 1

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), concluding that she failed to state a claim under federal law and declining to exercise supplemental jurisdiction over her state law claims.  (12/5/23 Order (Dkt. # 14) at 6-7; *see also* 10/30/23 Order (Dkt. # 12) at 10-11.)

Although the court entered judgment on December 6, 2023 (Judgment (Dkt. # 15)), Ms. Mora did not file her notice of appeal until January 11, 2024 (NOA (Dkt. # 16))—five days beyond the 30-day window allowed by Federal Rule of Appellate Procedure 4(a)(1)(A).  *See* Fed. R. App. P. 4(a)(1)(A).  Attached to Ms. Mora's notice of appeal is a motion "to file late appeal in interest of justice."  (NOA at 3-6.[1])  On March 1, 2024, the Ninth Circuit Court of Appeals entered an order remanding the case to this court "for the limited purpose of allowing [the] court to rule on [Ms. Mora]'s January 11, 2024 motion."  (CA9 Order (Dkt. # 18) at 1; *see also* Mot. (Dkt. # 19) (copy of Ms. Mora's motion and proposed order re-posted to the docket for clerical purposes).)  For the reasons explained below, the court GRANTS Ms. Mora's motion to extend time.

Federal Rule of Appellate Procedure 4(a)(5) provides the district court with discretion to extend the time to file a notice of appeal if the party moves for an extension of time within thirty days after the time prescribed for filing a notice of appeal in Rule 4(a) and also demonstrates "excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A).  The court focuses its inquiry on excusable neglect.  The Ninth Circuit has held that, in analyzing whether a party's neglect was excusable for purposes of Rule 4(a), courts should apply the test articulated by the Supreme Court in *Pioneer Investment*

---

[1] The court references the page numbers in the CM/ECF header when citing Ms. Mora's notice of appeal.

*Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc); *Mendez v. Knowles*, 556 F.3d 757, 764 (9th Cir. 2009). Under *Pioneer*, the court considers (1) "the danger of prejudice to the [non-moving party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. "[T]he clear trend since *Pincay* . . . is to afford the movant more lenience when applying the *Pioneer* factors . . . ." *In re Hawaiian Airlines, Inc.*, No. 08-0405 DAE-BMK, 2011 WL 1483923, at *3 (D. Haw. Apr. 18, 2011) (collecting cases).

The first factor favors Ms. Mora. Defendants face no prejudice because they have neither appeared nor been served with a copy of the complaint. (*See generally* Dkt.) The second factor also favors Ms. Mora, as her delay in filing a notice of appeal just five days after the deadline is minimal and has no impact on judicial proceedings aside from the instant motion. With respect to the third factor, Ms. Mora argues her delay resulted from a combination of factors outside of her control. She claims to have not received notice of the final judgment until December 11, 2023, that her cognitive disability prevented her from understanding the applicable deadline to file a notice of appeal, and that she hired a "limited-scope attorney" to prepare her amended complaint, but her attorney failed to advise her of the filing deadline. (Mot. at 1-2.) To begin, no attorney has appeared in this case on behalf of Ms. Mora, who has proceeded *pro se* throughout this litigation. (*See generally* Dkt.) As such, Ms. Mora bears sole responsibility to adhere to court rules

and deadlines in her case.  The court is not persuaded by Ms. Mora's attempt to shift blame to an unnamed attorney.  Furthermore, the court notes that Ms. Mora's cognitive disability has been diagnosed and documented since at least 1998, yet she has represented herself *pro se* and timely filed a notice of appeal in at least one other case in this district since then.  *See* Supplement, *Mora v. Ely*, No. 12-2134JCC (W.D. Wash. Jan. 1, 2013), Dkt. # 8 (September 8, 1998 letter addendum to case report and diagnosis, describing Ms. Mora's diagnoses of two learning disabilities); *id.*, Dkt. # 27 (timely notice of appeal filed on November 15, 2013).  Ms. Mora does not adequately explain how her cognitive disability prevented her from complying with court rules on this particular occasion where she successfully complied with those same rules on a prior occasion.  The court concludes that, at most, the third factor is neutral.  Finally, the fourth factor favors Ms. Mora.  The court sees no basis for a finding of bad faith based on this record.

        Accordingly, three of the four *Pioneer* factors favor Ms. Mora.  The court therefore GRANTS Ms. Mora's motion to extend time to file a notice of appeal (Dkt. # 19) based on excusable neglect.  Fed. R. App. P. 4(a)(5)(A)(ii).  The Clerk is DIRECTED to serve a copy of this order upon the Ninth Circuit Court of Appeals.

        Dated this 4th day of March, 2024.

JAMES L. ROBART
United States District Judge